THE MINNESOTA VALLEY R. R. Co.

*vs.*

MICHAEL FLYNN.

The plaintiff recovered $1.00 damages in an action of trespass commenced in the district court. Judgment was rendered for the plaintiff for $1.00 and *for his costs and disbursements,* which were taxed by the clerk in favor of the plaintiff, and upon appeal the taxation was confirmed. The defendant claiming that the plaintiff was not entitled to costs or disbursements, appealed to the Supreme Court from the *order of confirmation. Held:* That the order must be affirmed upon the ground that the error, if any, was in the judgment, and could only be reached on appeal from the judgment.

The defendant in this action appeals from an order of the district court for Scott county confirming the taxation of costs by the clerk. The case. is sufficiently stated in the opinion of the court.

HENRY HINDS for Appellant.

CHATFIELD & IRWIN for Respondent.

*By the Court.*—BERRY J.—This action was commenced in the district court to recover damages for trespass upon the plaintiff's land. The complaint set up title in fee in the plaintiff to the *locus in quo,* which title was denied in the answer. Damages were laid in the complaint at $1000, but the jury assessed the same at one dollar only. Judgment

was rendered for the plaintiff for the amount of the verdict, and for his *costs and disbursements*. Thereupon costs and disbursements were taxed by the clerk in favor of the plaintiff, the defendant excepting. Upon appeal to the district court, the clerk's taxation was confirmed ; from the order of confirmation, the defendant appeals to this court. His only objection to the clerk's taxation is, that under the provisions of *Sections* 2 *and* 3, *Ch.* 67, *Gen. Stat., and Ch.* 89, *Laws* 1868, the plaintiff was not entitled to costs or disbursements at all. This is however an objection which goes to the judgment, and not to the taxation. The judgment *awarded* costs and disbursemets to the plaintiff, and it was therefore the clerk's duty to tax the same in favor of the plaintiff, and it is the clerk's action in so doing, which was confirmed by the court below.

If there was error, it was in the judgment, not in the confirmation. The appellant has therefore mistaken his remedy in appealing from the order of confirmation. He should have appealed from the judgment if at all.

Order affirmed.